**AUTO DRIVE–AWAY COMPANY OF HIALEAH, INC., Gertrude McKiernan and B. J. McKiernan, Appellants,**

v.

**INTERSTATE COMMERCE COMMISSION, Appellee.**

No. 22311.

United States Court of Appeals Fifth Circuit.

May 10, 1966.

---

9. An even more pretentious argument was made to the jury.

Edmond J. Gong, Miami, Fla., for appellants.

Alfred E. Sapp, Asst. U. S. Atty., Miami, Fla., J. P. Proffitt, Jr., Reg. Counsel, I.C.C., Atlanta, Ga., for appellee.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and FISHER, District Judge.

WISDOM, Circuit Judge:

This appeal raises only the question of the sufficiency of the evidence to support the district court's summary judgment in favor of the Interstate Commerce Commission. We hold that the evidence was sufficient, and affirm the judgment below.

The Interstate Commerce Commission filed suit in the district court to enjoin the Auto Drive-Away Company of Hialeah, Inc., Gertrude McKiernan, President, and B. J. McKiernan, Vice-President, from continuing their automobile drive-away operation without ICC authorization. The Commission alleged that the appellants were operating as a "motor carrier" as defined by Section 203

(a) of the Interstate Commerce Act [1] and as such is subject to the provisions of the Act requiring a certificate of public convenience and necessity or a permit before engaging in business. The defendants moved for a stay of the proceedings pending the outcome of a Petition for Declaratory Order filed with the ICC by the national Auto Drive-Away Company and its franchised operators, including the defendant Auto Drive-Away of Hialeah. The defendants contended in their motion to stay that their Petition for Declaratory Order raised the same issues as this suit and that the doctrine of primary jurisdiction compelled a stay. The Commission, however, denied the petition even before the court's hearing on the motion. The ICC order noted that "the general issues involved have been the subject of a number of Commission and Court decisions to the effect that the concerned operations are subject to the provisions of the * * * Act." Still undaunted, the national company and its franchise holders, including the defendant, further petitioned the Commission for an investigation proceeding under Section 204(c) of the Act. Disregarding the new petition, the district court granted the Commission's motion for summary judgment. The decree, stayed pending this appeal, would enjoin further auto drive-away operations by the appellants until they have obtained proper ICC authorization.

The court found Auto Drive-Away of Hialeah to be a typical auto drive-away operation. The defendant corporation holds a franchise from Auto Drive-Away of Chicago, a company operating on a nation-wide scale. The Hialeah Company advertises in the Miami newspapers and in the Yellow Pages of the Miami telephone book that it is in the business of acting as "agents" of owners of vehicles who desire to have them moved to another point within the United States. The owner contracts with the defendant to procure the services of a driver. The defendant selects a driver from its pool and arranges a separate agreement between the owner and the driver. The driver agrees to pay ordinary expenses for the trip. The owner agrees to supply insurance and a small stipend for the driver's services. The driver is required before starting to make a deposit of an agreed sum of money with the drive-away corporation. Upon delivery of the car at the destination, the driver receives from the owner a refund of the sum deposited with the company. The defendant requests its shipper customers to return a card advising that the car has been delivered and reporting on the company's services. As its compensation for arranging the transportation, the defendant retains the deposit made by the driver, except for a percentage sent to the national office for general services. In effect, the owner pays the defendants a fee for arranging of transportation of his own car.

The defendants made no attempt to contradict these facts. They concede that the sole issue is the sufficiency of evidence to support the summary judgment. They do not dispute that the ICC affidavit, party admissions on file, and other materials together contain sufficient evidence to prove that their operation requires ICC authorization. See ICC v. Interstate Auto Shippers, Inc., S.D.N.Y.1963, 214 F.Supp. 473, aff'd per curiam, 2 Cir., 323 F.2d 367; ICC v. AAA Con Drivers Exchange, Inc., 2 Cir.1965, 340 F.2d 820. The defendants instead attack the admissibility of most of the materials on which the court based its judgment. They complain that the ICC investigator's affidavit does not clearly show his competence to testify and that unsworn exhibits accompanied his statement. These objections come too late: the defendants failed to object to the introduction or use of the affidavit and exhibits below. An affidavit that

---

1. 49 U.S.C. § 303(a) (16). The Commission asserted jurisdiction under §§ 204 (a) (6) and 222(b) of Part II of the Interstate Commerce Act (49 U.S.C. §§ 304(a) (6), 322(b)) and § 2 of the Elkins Act (49 U.S.C. § 42).

 

does not measure up to the standards of Rule 56(e) [2] is subject to a timely motion to strike. In the absence of this motion or other objection, formal defects in the affidavit ordinarily are waived. United States, for Use and Benefit of Austin v. Western Electric Co., 9 Cir. 1964, 337 F.2d 568; Klingman v. National Indemnity Co., 7 Cir. 1963, 317 F.2d 850; 6 Moore, Federal Practice ¶ 56.22[1] & n. 49 (2d ed. 1965).

 The defendants also questioned the admissibility of the contents of the petitions they filed with the ICC, in conjunction with the other franchised Auto Drive-Away operators, and with the court to support their motion for stay. Their attempted dissociation from these admissions cannot be justified by any rule of evidence. When a party joins as co-petitioner in an unprivileged application to the ICC, he is responsible for all admissions made in that document. The appellants have not attempted to contradict these admissions. They do not contend that their applications were privileged reports required by the ICC. See 45 U.S.C. §§ 33, 41. The court properly considered these admissions in making its findings. Creel v. Lone Star Defense Corp., 5 Cir. 1949, 171 F.2d 964; 6 Moore, Federal Practice ¶ 56.11 at 2058 (2d ed. 1965).

The defendants have now applied to the ICC for proper authorization of their operation, and they urge that a permanent injunction at this point would destroy their business. We recognize that general judicial approval of the Commission's effort to regulate auto drive-away operations is relatively recent. For this reason, we leave it to the district court's sound discretion to decide, after an appropriate hearing, whether the stay granted for this appeal should remain in effect until the ICC rules upon the appellants' pending application for a certificate or permit. See ICC v. AAA Con Drivers Exchange, Inc., supra, 340 F.2d at 826.

The judgment is affirmed.

---

2. Rule 56. Summary Judgment * * *

(e) *Form of Affidavits; Further Testimony, Defense Required.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. As amended Jan. 21, 1963, eff. July 1, 1963.