McCLOUD RIVER RAILROAD
COMPANY, Plaintiff-Appellee,

v.

SABINE RIVER FOREST PRODUCTS,
INC., Defendant-Appellant.

No. 83–4470.

United States Court of Appeals,
Fifth Circuit.

July 9, 1984.

Randolph E. Toms, President, Sabine River Forest Products, pro se, Bolen & Erwin, Gregory S. Erwin, Alexandria, La., for defendant-appellant.

Thompson, Sparks, Cudd & Dean, Wood T. Sparks, Monroe, La., for plaintiff-appellee.

Before CLARK, Chief Judge, JOLLY, and DAVIS, Circuit Judges.

CLARK, Chief Judge:

The district court granted summary judgment for McCloud River Railroad Company on its claim against Sabine River Forest Products to recover unpaid freight charges. The court also dismissed with prejudice Sabine's counterclaim for damages because of its failure to prosecute. On appeal, Sabine contends that the district court did not follow the procedural requisites of Fed.R.Civ.P. 56(c) for granting summary judgment. Specifically, Sabine maintains that the district court improperly considered an affidavit that had not been filed ten days before summary judgment and had not been served in executed form with the motion and that the court erred by granting summary judgment within ten days after service of the motion. Sabine also argues that the court abused its discretion by dismissing the counterclaim with prejudice.

We affirm the summary judgment because Sabine waived its right to object on appeal to consideration of the affidavit and because the court actually entered summary judgment fourteen days after the motion was filed. We vacate the dismissal with prejudice because the record does not indicate that the court considered imposing any less severe sanctions for Sabine's dilatory actions.

I

In July 1980, Sabine, a Louisiana corporation, purchased equipment from McCloud, a California corporation. The equipment was transported by rail to Louisiana. Sabine maintains that the equipment arrived a month late and in damaged condition. McCloud disputes this. The freight charges, which are not disputed, were $30,356.76, of which Sabine has admittedly paid $10,833.49, leaving an unpaid balance of $19,523.27.

McCloud filed suit in diversity on April 17, 1981, to recover the unpaid balance. Sabine answered and filed a counterclaim, asserting that the alleged delay and damage to the equipment caused it to suffer damages totalling $31,523.27. In addition, Sabine contends the original freight rate quoted by McCloud was $5,633.52 less than the amount actually charged and should be reduced by that amount if required to pay the balance.

Over the next two years the district court scheduled four pre-trial conferences for this cause and set six trial dates. The first two pre-trial conferences were cancelled at the joint request of counsel for McCloud and Sabine. The cancellations required setting new trial dates. The third pre-trial conference was held on August 8, 1982, but the scheduled trial date was continued by the court because of a preferential setting. The district court cancelled the fourth scheduled pre-trial conference since one had already been conducted. The fourth trial date remained scheduled for May 16, 1983.

In an April 22, 1983, order, the district court permitted Sabine's counsel to withdraw and allowed Sabine thirty days in which to retain new counsel. The trial date was rescheduled from May 16 to July 12. On April 28, Sabine's former counsel informed Sabine's president, Randolph Toms, of the court's April 22 order. On May 24, the district court rescheduled the trial from July 12 to July 7 and informed Sabine of the change.

By an order dated June 22, the district court requested that Sabine inform the court before June 28 whether it would prosecute its counterclaim on July 7. On

the same day, June 22, McCloud filed a motion for summary judgment. Accompanying the motion was a copy of an unexecuted affidavit of G.R. Holmquist, McCloud's director of marketing and pricing. Generally, the two-page affidavit restated facts to which Sabine had stipulated in the pre-trial order. The shipping orders for the equipment sold to Sabine were attached and referred to in the affidavit. In a letter accompanying the motion, McCloud's counsel stated that the original affidavit had been sent to Holmquist in California for execution and would be submitted to the court upon receipt.

On June 28, the court notified the parties that McCloud's June 22 motion for summary judgment would be decided on the basis of the record unless oral argument was considered necessary. The court also stated that the schedule for filing briefs on the motion was controlled by local rule 10(f), which provides:

> If the respondent opposes a motion, he shall file his response, including opposing affidavits (if the motion is one for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure), brief, and such supporting documents as are then available, within ten days after service of the motion. Briefs shall contain a concise statement of reasons in opposition to the motion, and a citation of authorities upon which the respondent relies. For good cause appearing therefore, a respondent may be required to file his response and supporting documents, including briefs, within such shorter period of time as the Court may specify, or may be given additional time as provided in subsection (h) of this rule, to file the response, including documents and brief.

McCloud forwarded the executed Holmquist affidavit to the court on June 28.

The following day, June 29, the court issued two orders. In its first order, the court dismissed with prejudice Sabine's counterclaim because of failure to prosecute. The court noted that Sabine had failed to abide by its April 22 order to secure new counsel within thirty days and its June 22 order to inform the court by June 28 if it intended to prosecute its counterclaim. In its second order, the court denied Sabine's motion to enroll new counsel, which was filed on June 29, because the June 28 deadline had expired and no just cause existed to excuse the delay.

On July 5, Toms, Sabine's president, filed with the court an affidavit, a motion to reconsider its orders denying enrollment of counsel and dismissing the counterclaim, and a brief in support of the motion. He also sought a continuance of the July 7 trial date and an extension of time in which to reply to the motion for summary judgment since Sabine was without counsel. On July 6, the court denied Sabine's motion to reconsider its orders. After noting the developments in the case since April 22, 1983, the court stated:

> Considering the total lack of communication from the defendant until after every delay set by this court had elapsed, the age of this matter, the order of this court on April 22, 1983 that trial in this matter scheduled for July would not be continued again, and the short amount of time left between the filing of the motions by defendant and the trial date, the motions for reconsideration filed on behalf of the defendant are hereby DENIED.

Record on Appeal, Vol. I, at p. 90. On the same day, July 6, the court granted summary judgment for McCloud. In granting the motion, the court considered the Holmquist affidavit. On appeal Sabine attacks the orders of the court (1) granting summary judgment for McCloud, (2) denying its motion to enroll counsel, and (3) dismissing its counterclaim.

## II

■ In attacking the summary judgment for McCloud under rule 56,[1] Sabine chal-

---

1. Rule 56(c) provides:
   The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the

lenges the procedure followed by the district court. Sabine contends that the district court should not have considered the Holmquist affidavit since it was not filed with the motion for summary judgment on June 22. Sabine bases this argument on language in rule 6(d),[2] which states that an affidavit filed in support of a motion "shall" be served with the motion. Relying on *Canning v. Star Publishing Co.*, 19 F.R.D. 281 (D.Del.1956), Sabine contends the language in rule 6(d) is mandatory and "leaves no room for judicial discretion." 19 F.R.D. at 284. Subdivision (b) of rule 6, however, permits a court in its discretion to accept an affidavit not served with the motion.[3] *See Woods v. Allied Concord Financial Corp.*, 373 F.2d 733, 734 (5th Cir.1967); *see also,* C. Wright & A. Miller, *Federal Practice and Procedure* § 2719, at p. 6 (1983) (*Canning* "does not comport with later decisions interpreting Rules 6 and 56.")

In any event, Sabine neither moved to strike the affidavit nor raised an objection to consideration of the affidavit. Thus, it has waived its right to raise the untimeliness issue on appeal. *See Schy v. Susquehanna Corp.*, 419 F.2d 1112, 1116 (7th Cir.), *cert. denied,* 400 U.S. 826, 91 S.Ct. 51, 27 L.Ed.2d 55 (1970). Sabine's implicit argument that the unsworn affidavit filed in support of the motion renders the motion deficient is also waived for failure to make a timely objection in the district court. *See Hicks v. Harris*, 606 F.2d 65, 67 n. 3 (5th Cir.1979); *Auto Drive-Away Co. v. ICC*, 360 F.2d 446, 448–49 (5th Cir.1966).

■ Sabine's other major argument is that the district court entered summary judgment without affording it proper notice. Sabine's position is that since the original Holmquist affidavit was not filed with the motion on June 22, the motion was not properly served until June 28, when the original affidavit was sent to the court. By granting summary judgment only eight days after the motion became "proper," the court, according to Sabine, violated the re-

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. Rule 56(e) states:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

2. Rule 6(d) provides:

A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with the motion; and, except as otherwise provided in Rule 59(c), opposing affidavits may be served not later than 1 day before the hearing, unless the court permits them to be served at some other time.

3. Rule 6(b) states:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), 60(b), and 74(a), except to the extent and under the conditions stated in them.

quirement that the motion be served ten days before the time fixed for a hearing.

"The rule that ten days must elapse between the filing of a summary judgment motion and the hearing on the motion 'is intended to give the opposing party opportunity to prepare responsive pleadings and counter affidavits.'" *Trustees of Sabine Area Carpenters' Health & Welfare Fund v. Don Lightfoot Home Builder, Inc.*, 704 F.2d 822, 827 (5th Cir.1983) (footnote omitted) (quoting *Thacker v. Whitehead*, 548 F.2d 634, 636 (6th Cir.1977) (per curiam)). We disagree with Sabine's position that the controlling time period in which to measure the ten days is June 28 to July 6. The affidavit served with the motion on June 22 and the affidavit filed with the court on June 28 were identical except the latter was executed and the former was not. Sabine could not have been prejudiced by McCloud's filing of the unexecuted affidavit with its motion and makes no such prejudice argument on appeal. We conclude that the appropriate time period for measuring the ten-day requirement is June 22, when the motion was filed, to July 6, when summary judgment was granted. Thus, more than ten days elapsed between service of the motion for summary judgment and the district court's order granting summary judgment.

■ In any event, Sabine made no objection on the ground that it lacked sufficient opportunity to respond to McCloud's motion, and, since it was not prejudiced by consideration of the affidavit, it has waived its right to challenge on appeal consideration of the affidavit. *See Don Lightfoot*, 704 F.2d at 828.

### III

■ Pursuant to Fed.R.Civ.P. 41(b),[4] the district court dismissed with prejudice Sabine's counterclaim for failure to prosecute. Sabine has challenged this dismissal on appeal. We may reverse only if we find an abuse of discretion. *E.g., Lewis v. Brown*

& *Root*, 711 F.2d 1287, 1291 (5th Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 975, 79 L.Ed.2d 213 (1984).

In *Rogers v. Kroger Co.*, 669 F.2d 317 (5th Cir.1982) we surveyed the principles controlling rule 41(b) dismissals with prejudice and stated, "A clear record of delay coupled with tried or futile lesser sanctions will justify a Rule 41(b) dismissal." *Id.* at 322. *Rogers* also listed three "aggravating elements" that usually accompany the two primary reasons for which the rule 41(b) power is invoked. These three elements are "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id.* at 320.

■ The district court found a clear record delay on Sabine's part but made no fact findings regarding the utility of less severe sanctions. As we said in *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233 (5th Cir.1984): "When a district court dismisses an action with prejudice for counsel's failure to prosecute, such findings are essential for our consideration of the inevitable argument that the dismissal was an abuse of discretion." *Id.* at 1237. The pre-trial proceedings in this uncomplicated case have taken two years. However, we are compelled to vacate the dismissal with prejudice because nothing in the record indicates that less severe sanctions were considered or, if considered, deemed futile. On remand, the court should allow the admission of counsel for Sabine and then reconsider its dismissal of the counterclaim. We express no view on the merits of that reconsideration. The court may: (1) proceed to hear and decide the counterclaim, (2) impose lesser sanctions than dismissal with prejudice, or (3) determine that lesser sanctions would have been futile.

We **AFFIRM** the summary judgment for McCloud, **VACATE** the dismissal of Sa-

---

**4.** "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." Fed.R.Civ.P. 41(b).

bine's counterclaim and **REMAND** for proceedings consistent with this opinion.