IN THE SUPREME COURT OF MISSISSIPPI
NO. 93-CA-00779-SCT

*TAMARA B. TRAVIS, ELIJAH J. TRAVIS AND ELIJAH J. TRAVIS AS NEXT FRIEND OF AIMEE MICHELLE TRAVIS*

*v.*

*EDSEL F. STEWART AND SOUTHWEST MISSISSIPPI REGIONAL MEDICAL CENTER*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/07/93 |
| TRIAL JUDGE: | HON. KEITH STARRETT |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | H. E. HORNE JR. |
| ATTORNEYS FOR APPELLEES: | R. MARK HODGES |
| | JIMMIE BROCK REYNOLDS JR. |
| | GEORGE Q. EVANS |
| | LE R. BROWN |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 9/26/96 |
| MOTION FOR REHEARING FILED: | 10/24/96 |
| MANDATE ISSUED: | 12/12/96 |

EN BANC.

MILLS, JUSTICE, FOR THE COURT:

¶1. This medical malpractice claim was filed by Tamara B. Travis, individually, and Elijah B. Travis, individually, and as next friends of Aimee Michelle Travis (hereinafter the Travises) against Edsel F. Stewart, M.D. (hereinafter Dr. Stewart) and the Southwest Regional Medical Center (hereinafter Southwest) on October 19, 1990. The Travises appeal the June 7, 1993, trial judge's order granting summary judgment in favor of Dr. Stewart and Southwest. The Travises assert the following three issues on appeal:

> *I. Whether the court erred in allowing the defendants to present on motion for summary judgment the affidavit of an expert witness whose identity and testimony they had previously refused to divulge?*
>
> *II. Whether the court erred in granting the defendants' motions for summary judgment based solely on the affidavit of an expert witness, Dr. Martin, because the defendants failed*

*to show that there was no genuine issue of material fact?*

*III. Whether the court erred in awarding summary judgment for the reason that the record itself raises a question of material fact?*

## FACTS

¶2. Dr. Stewart admitted Tamara Travis to Southwest on October 19, 1988, for delivery of her child. The child, Aimee, was delivered on October 20, 1988, at 2:03 a.m. Tamara and Aimee were discharged from the hospital on October 23, 1988. At the time of discharge, the child was noted to be normal except for "congenital nystagmus," which is a medical term for darting of the eyes. Subsequently, Aimee was diagnosed with varied neurological problems that resulted from alleged negligence of Dr. Stewart and Southwest in failing to perform a caesarean section delivery on Tamara.

¶3. The Travises filed their Pike County Circuit Court action on October 19, 1990. Thereafter, the following material events occurred:

11-21-90 Southwest filed a motion to strike all references to damages and answered the complaint also asserting defenses.

11-26-90 Dr. Stewart filed his answer and asserted defenses

11-30-90 Dr. Stewart propounded interrogatories to the Travises and filed a request for production of documents.

12-06-90 Southwest amended its first answer to the complaint and filed a request for production of documents along with interrogatories.

2-06-91 The Travises responded to Dr. Stewart's and Southwest's request for production of documents and answered interrogatories.

4-02-91 The Travises moved to amend their complaint by striking the various sums of damages alleged, and moved for an extension of time to conduct discovery based on the complexity of issues. They also, simultaneously, propounded interrogatories upon Southwest and Dr. Stewart.

5-06-91 Southwest responded to the Travises' interrogatories.

5-31-91 An agreed order was filed extending times for discovery. Also, the Court entered an order allowing the Travises to amend their complaint.

6-25-91 Dr. Stewart responded to the Travises' interrogatories.

7-22-91 The Travises responded to the defendants' second set of interrogatories.

8-26-91 Southwest responded to the Travises' request for production of documents and second set of interrogatories.

10-25-91 Dr. Stewart responded to the Travises' second set of interrogatories.

9-17-92 The Travises requested production of delivery room log records for the dates of October 18-19, 1988, from Southwest.

12-01-92 Southwest responded to the Travises' request for production of delivery room log records.

1-28-93 The court granted continuance of the action.

4-08-93 Southwest filed its motion for summary judgment along with an affidavit of James N. Martin, Jr., M.D., its expert. The hearing was set for April 20, 1993.

4-09-93 Dr. Stewart filed his motion for summary judgment to be heard on April 21.

5-04-93 Southwest filed an alternative motion to compel the Travises to respond to interrogatories on experts and summarize their expertise and their opinions. Motion for summary judgment was re-noticed to be heard on May 4, 1993.

¶4. On May 10, 1993, the Travises filed the affidavit of Dr. Thomas Sparks. The court heard argument on the motions for summary judgment of Dr. Stewart and Southwest on May 14, 1993. The court informed counsel for the Travises that an expert witness' testimony was necessary to support their case and that Dr. Spark's affidavit was not sufficient to create a genuine issue of material fact. The court granted the Travises ten additional days within which to provide any additional expert testimony by affidavit to rebut the Defendants' evidence. The Travises failed to do so.

¶5. On June 7, 1993, the trial court judge entered his order granting summary judgment in favor of Dr. Stewart and Southwest.

## STANDARD OF REVIEW

¶6. Rule 56(c) of the Mississippi Rules of Civil Procedure allows summary judgment where there are no genuine issues of material fact such that the moving part is entitled to judgment as a matter of law. To prevent summary judgment, the nonmoving party must establish a genuine issue of material fact by means allowable under the Rule. *Lyle v. Mladinich*, 584 So. 2d 397, 398 (Miss. 1991).

¶7. This Court employs a *de novo* standard of review in reviewing a lower court's grant of summary judgment motion. *Short v. Columbus Rubber & Gasket Co., Inc.*, 535 So. 2d 61, 63 (Miss. 1988). Evidentiary matters are viewed in the light most favorable to the nonmoving party. *Palmer v. Biloxi Regional Medical Center, Inc.*, 564 So. 2d 1346, 1354 (Miss. 1990). If any triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise, the decision is affirmed. *Brown v. Credit Center, Inc.*, 444 So. 2d 358, 362 (Miss. 1983).

¶8. In *Brown*, this Court stated:

When a motion for Summary Judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, Summary Judgment if

appropriate shall be entered against him.

*Id.* at 364, quoting Miss. Rule Civ. Proc. 56(e).

¶9. The party opposing the motion must be diligent. ***Grisham v. John Q. Long V.F.W. Post***, 519 So. 2d 413, 415 (Miss. 1988). The nonmoving party

> remains silent at her peril. For one thing, the non-movant may not rest upon allegations or denials in her pleadings . . . Rather, the party opposing the motion must by affidavit or otherwise set forth specific facts showing that there are indeed genuine issues for trial.

***Fruchter v. Lynch Oil Co***., 522 So. 2d 195, 198-99 (Miss. 1988).

## LAW

### I. Whether the court erred in allowing the Defendants to present on motion for summary judgment the affidavit of an expert witness whose identity and testimony they had previously refused to divulge?

¶10. The Travises contend that the trial court should not have considered Dr. Martin's affidavit. They argue that they were surprised and prejudiced because Dr. Martin's name and opinions had not been disclosed in response to Plaintiffs' Interrogatories No. 1, in which the plaintiffs asked Southwest and Dr. Stewart to disclose the identity and opinions of experts they would use at trial. Moreover, a second set of interrogatories were propounded, once again requesting the identity of experts to be called at trial. The defendants in their responses submitted no experts that would testify at trial, nor did Dr. Stewart or Southwest supplement their responses to the interrogatories.

¶11. Both defendants, without providing prior notice that an expert had been selected, filed on April 8, 1993, a motion for summary judgment noticing a hearing date on April 20, 1993. Attached to this motion was the affidavit of Dr. Martin, the defendants' expert witness, stating that Dr. Stewart and Southwest had "complied with the standard of care in their care and treatment of Tamara Travis and Aimee Michelle Travis."

¶12. The Travises contend that a party has a duty under Rule 26(f)(2) of the Mississippi Rules of Civil Procedure to seasonably supplement its answers not only to reveal the identity of expert witnesses but the substance of their testimony as well. ***State Hwy. Comm. of Ms. v. Havard***, 508 So. 2d 1099 (Miss. 1987).

¶13. Southwest argues the Travises waived any objections since they did not file a motion to strike Dr. Martin's affidavit nor did they object to consideration of it by the circuit court. The Travises' first such challenge to the affidavit comes in this appeal.

¶14. This Court has previously held that:

> In a summary judgement proceeding, the plaintiff must rebut the defendant's claim (i.e., that no genuine issue of material fact exists) by producing supportive evidence of significant and probative value; this evidence must show that the defendant breached the established standard of care and that such breach was the proximate cause of her injury.

*Palmer v. Biloxi Regional Medical Center, Inc.*, 564 So. 2d 1346, 1355 (Miss. 1990).

¶15. Simply put, Southwest and Dr. Stewart provided the trial judge with an affidavit, not previously disclosed in discovery in support of their motion for summary judgment. Dr. Martin, the affiant, stated that the two defendants "complied with the standard of care in their care and treatment of Tamara Travis and Aimee Michelle Travis."

¶16. The Travises did not file a motion to strike the affidavit of Dr. Martin, nor did they file rebuttal affidavits, even though the trial judge gave them 10 additional days in which to present evidence in support of their cause.

¶17. This Court has long held that "[w]here the party against whom a motion for summary judgment is made wishes to attack one or more of the affidavits upon which the motion is based, he must file in the trial court a motion to strike the affidavit." *Brown v. Credit Center, Inc.*, 444 So. 2d 358, 365 (Miss. 1984). Failure to file the motion to strike constitutes waiver of any objection to the affidavit. *Nichols v. Tubb*, 609 So. 2d 377, 387 (Miss. 1992) ( Any insufficiency in pretrial discovery is clearly and manifestly waived when party opposite fails to object). An objection to use of an affidavit may not be raised for the first time on appeal. *Id.* citing *Auto Drive-Away Co. of Hialeah, Inc. v. Interstate Commerce Commission*, 360 F.2d 446 (5th Cir. 1960).

> ### II. Whether the court erred in granting the defendants' motions for summary judgment based solely on the affidavit of an expert witness, Dr. Martin, because the defendants failed to show that there was no genuine issue of material fact?

¶18. The Travises argue that the expert witness's affidavit was insufficient to support summary judgment, because Dr. Martin was unable to state the nature of the infant's disability. The Travises further argue Dr. Martin was unable to say with certainty that the infant did not suffer from lack of oxygen prior to or during birth since the hospitals's manual for conducting a blood-gas sample was critically flawed and that the questions surrounding the flawed blood-gas test create an issue of credibility which can only be decided by the jury.

¶19. The question to be answered is whether the hospital or doctor breached the applicable standard of care owed to the mother and child. To establish a prima facie case of medical negligence, "Mississippi case law demands that 'in a medical malpractice action, negligence cannot be established without medical testimony that the defendant[s] failed to use ordinary skill and care'." *Phillips v. Hull*, 516 So. 2d 488, 491 (Miss. 1987) (citations omitted).

¶20. We have reviewed the Martin affidavit and find that Dr. Martin states the applicable standard of care in Mississippi. He further stated that the applicable standard of care was followed by both Southwest and Dr. Stewart. Moreover, Dr. Martin dispels any argument that the blood-gas test was critically flawed, by stating the following:

> . . . neither Dr. Stewart nor the personnel of the hospital breached the standard of care in this case. Nothing they did or failed to do caused or contributed to the injuries of which the Plaintiffs complain in the lawsuit. If I assume that no cord blood gas test was run on the infant or if I assume that it was run on blood drawn from a vein, rather from an artery, my opinion remains the same. **The method used to conduct a test after time of birth simply does not**

**affect the type and quality of care provided to a mother and her unborn infant prior to the time of delivery.**

(Emphasis added.)

¶21. The Travises, however, presented no expert medical testimony contradicting the Martin affidavit. Moreover, they failed to present a medical expert to identify and articulate the requisite standard that was allegedly breached. *Barner v. Gorman*, 605 So. 2d 805, 809 (Miss. 1992), citing *Latham v. Hayes*, 495 So. 2d 453 (Miss. 1986).

¶22. We therefore conclude, viewing the proof in the light most favorable to the non-moving party, that the Travises failed "to bring forward [any] significant probative evidence demonstrating the existence of [a] triable issue of fact." *Phillips v. Hull*, 516 So. 2d 488, 491 (Miss. 1987), quoting *Brown v. Credit Center, Inc.*, 444 So. 2d at 364 (citation omitted).

> ### III. Whether the court erred in awarding summary judgment for the reason that the record itself raises a question of material fact?

¶23. The Travises argue that the record demonstrates unanswered questions as to Dr. Stewart's ability to attend a number of cases at one time. Therefore, they suggest that the defendants failed to establish that there was no genuine issue of material fact.

¶24. We note that the Travises cite no authority in their brief supporting their contention on this issue. We also note inconsistencies between the record before us and certain facts alleged in the Travises' brief.

¶25. Under Mississippi law, bare assertions are simply not enough to avoid summary judgment. The non-movant may not rest upon allegations or denials in his pleadings. *Frutcher v. Lynch Oil Co.*, 522 So. 2d at 198; *Palmer v. Biloxi Regional Medical Center*, 564 So. 2d 1356. Therefore, this issue must be resolved in favor of the appellees.

## CONCLUSION

¶26. This Court has noted that "the time must arrive in every case where the [party] must demonstrate that there is a genuine issue for trial or have summary judgment entered against him." *Bourn v. Tomlinson Interest, Inc.*, 456 So. 2d 747, 749 (Miss. 1984); *Key Constructors, Ins. v. H & M Gas Co.*, 537 So. 2d 1318, 1323 (Miss. 1989). In this case, that time arrived when the defendants presented clear and competent expert testimony that entitled them to summary judgment. The Plaintiffs were required to present contradictory competent expert testimony in response and to take action to strike the opposing affidavit. The failure to do so left the plaintiffs no basis in law to support a reversal, and Dr. Stewart and Southwest are entitled to judgment as a matter of law. We therefore affirm the judgment of the lower court.

¶27. **AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, ROBERTS AND SMITH, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**

**McRAE, JUSTICE, DISSENTING:**

¶28. We have held that summary judgment should be granted only with great caution. *Palmer v. Anderson Infirmary Benevolent Ass'n*, 656 So. 2d 790, 794 (Miss. 1995); *Womble v. Singing River Hospital,* 618 So. 2d 1252, 1256 (Miss. 1993). Unless the trial court finds, "**beyond a reasonable doubt,** that the plaintiff would be unable to prove any facts to support his claim," a motion for summary judgment should be denied. *Palmer*, 656 So. 2d at 795 (quoting *Daniels v. GNB, Inc.,* 629 So. 2d 595, 599 (Miss. 1993))(emphasis added). "Even without an issue of material fact present, the trial court should deny summary judgment where full presentation of the of the evidence would 'result in a triable issue.'" *Strantz v. Pinion,* 652 So. 2d 738, 741 (Miss. 1995) (quoting *Great Southern National Bank v. Minter,* 590 So. 2d 129, 135 (Miss. 1991). Because the trial court based its decision on an expert affidavit not disclosed in response to the Travis' discovery requests and consisting laargely of legal conclusions, I therefore would reverse and remand the case for trial. *McCullom v. Franklin,* 608 So. 2d 692 (Miss. 1992).

¶29. Dr. Martin's affidavit was filed with Southwest's motion for summary judgment on April 4, 1993, more than a year and one-half after Dr. Stewart and Southwest answered the Travis' second set of interrogatories, and nearly two years after responding to the first set of interrogatories, both of which sought the names of experts whose opinions would be offered at trial and the substance of their opinions. The defendants submitted neither the names of any experts nor the substance of any testimony that would be presented, and did not, at any time prior to the filing of the motion for summary judgment, supplement their answers.

¶30. MRCP Rule 26(f)(2) provides that "[a] party is under a duty seasonably to amend a prior response if he obtains information" which renders the initial response inadequate or where "a failure to amend the response is in substance a knowing concealment." "Seasonably" does not mean a year or two after the responses to the interrogatories are filed, or as an accompaniment to a motion for summary judgment filed two weeks before the hearing date requested by the moving party. Under no stretch of the imagination is the filing of Dr. Martin's affidavit with the motion for summary judgment in compliance with Rule 26.

¶31. The majority finds that the Travises waived Southwest's and Dr. Stewart's discovery violations by failing to file a motion to strike Dr. Martin's affidavit or objecting to the circuit court's consideration of the affidavit. It further notes that the Travises failed to file rebuttal affidavits despite the trial court's provision of ten extra days for rebuttal. Discovery violations are not so easily waived. *See Huff v. Polk,* 408 So. 2d 1368 (Miss. 1982)(where late discovery response filed, other party did not waive discovery violation by failing to request continuance). Moreover, ten days is insufficient time to respond to the numerous conclusory statements made in the affidavit.

¶32. Summary judgment is, in effect, a formal trial in advance of a jury trial. The motion for summary judgment is, further, the functional equivalent of a request for a peremptory instruction. *Erby v. North Mississippi Medical Center,* 654 So. 2d 495, 499 (Miss. 1995). The only evidence presented

in the case *sub judice* was Dr. Martin's affidavit, which was studded with legal conclusions that the hospital did not violate the standard of care. The hospital and Dr. Stewart failed to meet their burden of proof. To simply say that the national standard of care was not violated without articulating that standard does not satisfy the moving party's burden of proof. That party must apply the facts of the case to the requisite standard.

¶33. Though short and limited in scope, Dr. Sparks' affidavit indicates that there was a question of fact as to whether the hospital followed the proper procedures to identify and monitor warning signals indicating that a Caesarean delivery was necessary. Dr. Sparks' affidavit stated that in accordance with the national standard of care, the fetal blood gases should have been drawn from an umbilical artery and not a vein, to accurately reflect the baby's condition. Dr. Martin's affidavit merely opines that some ambiguous standard was not violated. The trial court abused its discretion in throwing out Dr. Sparks' affidavit and allowing the Travises only ten days to obtain another. Though short, the affidavit was sufficient to allow the case to survive the motion for summary judgment.

¶34. Dr. Martin's affidavit was inadmissible because of discovery violation. Full presentation of the evidence, as indicated by the delivery room records and Dr. Sparks' affidavit regarding the standard for monitoring umbilical blood gases, would have presented triable issues of fact. The motion for summary judgment should not have been granted. What resulted was trial by ambush. Accordingly, I dissent.

**SULLIVAN, P.J., JOINS THIS OPINION.**