United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30854
Summary Calendar
_____

LARRY J BUTLER

Plaintiff - Appellant

v.

SOCIAL SECURITY ADMINISTRATION

Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CV-810-DEW-RSP
--------------------

Before KING, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Administrative Law Judge Larry J. Butler appeals the
district court's grant of the Social Security Administration's
(SSA) motion for summary judgment and dismissal of his complaint
challenging the SSA's denial of his request for certain documents
pursuant the Freedom of Information Act (FOIA) and the Privacy
Act.

Butler has withdrawn all of his opening arguments save one:
his assertion that the district court erred as a matter of law in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining that the Privacy Act did not require the SSA to inform him of allegations of misconduct against him. His only argument in support of this assertion is that an affidavit concerning the methods used to retrieve any complaints filed against Butler was inadequate to prove that the SSA did not maintain a Privacy Act "system of records" because the affiant did not have personal knowledge of the retrieval of the documents. However, because Butler did not challenge the admissibility of the affidavit in the district court, he has waived his right to raise this issue on appeal. McCloud River R.R. Co. v. Sabine River Forest Prods., Inc., 735 F.2d 879, 882 (5th Cir. 1984).

Butler additionally argues in his reply brief that the SSA has intentionally violated federal regulations requiring it to maintain its records in a manner that would qualify the records as a Privacy Act "system of records." However, this court does not consider issues raised for the first time in a reply brief. See United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).

AFFIRMED.