[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13511
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cv-01065-ACC-KRS


EDWARD EAVES,

Plaintiff-Appellant,

versus

WORK FORCE CENTRAL FLORIDA,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 16, 2015)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Edward Eaves appeals from the district court's grant of summary judgment in favor of Workforce Central Florida ("WCF") in his employment discrimination and retaliation suit brought under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–2 and 2000e–3. After careful review, we affirm in part and reverse and remand in part.

## I.

Eaves began working for WCF in October 2011 as a "Re-Employment Connection Intern" ("Intern") at one of WCF's offices in Orlando. WCF is a private, non-profit company providing job placement and career services to employers and job seekers throughout Central Florida. Kevin Neal was WCF's Chief Operating Officer and interim Chief Executive Officer at the time of the events giving rise to this action. Joyce Hinton was the Office Manager of the location at which Eaves worked. She was also Eaves's immediate supervisor.

Like other Interns, Eaves went through a two-week training program. During the first week, Interns worked in a computer lab to learn about the services offered by WCF while working one-on-one with WCF clients. During the second week, Interns worked in the "resource room," a faster-paced environment where they shadow senior employees assisting WCF clients with a variety of employment needs. Eaves completed his training and worked for WCF until December 21, 2011, when he was fired.

2

Eaves later filed suit in federal court, contending that he had been discriminated against by WCF based on his gender and retaliated against for filing charges of discrimination with the Equal Employment Opportunity Commission ("EEOC").    Regarding his claims of gender discrimination, he alleged the following:    (1) he was denied the opportunity to apply for a Re-employment Specialist position in November 2011;  (2) he was denied the opportunity to work in the computer lab after his training period—having been told by Hinton that "only women are allowed to work in the computer room";  (3) he was not provided certain job resources or amenities that were given to other female employees, such as his own telephone extension or a uniform;  (4) he was treated differently than female employees in terms of leave and attendance policies;  and (5) he was not informed of available positions and opportunities that were communicated to female Interns.

As for his retaliation claims, Eaves alleged that (1) he was fired on December 21, 2011, two days after informing WCF that he had filed a charge of discrimination with the EEOC on December 7, 2011; and he was told by a manager that he had been fired because of the EEOC complaint (retaliatory firing); and (2) he applied for several available positions in March 2012, but WCF did not interview him or even respond to his applications and requests for updates (retaliatory failure-to-hire).

3

WCF moved for summary judgment on all claims.  Along with its summary-judgment motion, WCF submitted, among other materials, affidavits by Hinton and Neal, respectively.  In her affidavit, Hinton stated that WCF had no record of Eaves having applied in November 2011 for the Re-employment Specialist position, which was not filled in 2011;  that the only specific work-assignment request that Eaves made was to remain in the computer lab after the first week of training, which was denied because all Interns were required to complete training in the resource room;  that Eaves was not given a dedicated phone line due simply to a lack of resources;  and that on "multiple occasions" during his service as an Intern, "Eaves exhibited angry, hostile and unprofessional behavior toward [her], ultimately causing [her] to be fearful in his presence."

In his affidavit, Neal stated that WCF's Equal Employment Opportunity officer, Willie Cooper, met with Eaves on December 21, 2011, to discuss his EEOC charge.  Neal "learned that during the meeting, Mr. Eaves accused Mr. Cooper of being 'condescending' and 'bias' [sic] and exhibited angry, hostile and unprofessional behavior toward Mr. Cooper."  According to Neal, he had also learned that Eaves had engaged in similar behavior toward Hinton, "causing her to be fearful in his presence," and he fired Eaves based on this pattern of behavior.

Eaves responded in opposition to WCF's motion for summary judgment.  He contended that Hinton's and Neal's affidavits were false, and he presented several

4

personal affidavits on various matters.  In one affidavit, Eaves contended that the alleged fear of him was fabricated and was a pretext for discrimination.

The district court granted summary judgment to WCF.  The court concluded that the discrimination claims failed because Eaves had not shown that he was qualified for the Re-employment Specialist position or that his remaining allegations about various disparities in the workplace constituted a material change in the terms and conditions of employment.  The court also found that Eaves's retaliation claims failed because he could not demonstrate that WCF's reasons for firing him were pretextual and because he did not administratively exhaust his retaliatory failure-to-hire claim.

After the court entered judgment, Eaves filed a motion for reconsideration and several related motions, which largely attacked the district court's exhaustion determination and the admissibility of the affidavits from Neal and Hinton.  The district court denied these motions.  Eaves now appeals.

## II.

We review the district court's grant of summary judgment *de novo*, drawing all reasonable inferences and reviewing all evidence in the light most favorable to the non-moving party.  *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011).  Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

5

matter of law." Fed. R. Civ. P. 56(a). We review an order denying a motion for reconsideration for an abuse of discretion. *Equity Inv. Partners, LP v. Lenz*, 594 F.3d 1338, 1342 (11th Cir. 2010); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

We liberally construe the pleadings and briefs of *pro se* parties. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Nonetheless, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson*, 518 F.3d at 874.

## III.

Eaves contends that WCF and its counsel engaged in fraudulent and deceptive actions, including covering up evidence, altering testimony, procuring false testimony, and otherwise acting in bad faith. He asserts that the district court knew of these actions, but granted summary judgment, anyway, due primarily to Eaves's *pro se* status, in violation of Eaves's due-process rights. Eaves presents two principal arguments in his appellate brief: (1) the district court erred in finding that he failed to exhaust his administrative remedies for his retaliatory failure-to-hire claim concerning several positions he applied for in March 2012; and (2) the court improperly relied on Neal's and Hinton's affidavits in granting summary

6

judgment because the affidavits were false, were not in compliance with the Federal Rules of Civil Procedure, and contained hearsay.[1]

## A.

In its summary-judgment order, and later in its order denying Eaves's motion for reconsideration, the district court addressed and rejected Eaves's contention that he had exhausted his administrative remedies with respect to his retaliatory failure-to-hire claim. We therefore review the facts pertinent to this issue.

Eaves dual-filed his initial charge of discrimination with the EEOC and the Florida Commission on Human Relations ("FCHR") in December 2011. In March 2012, Eaves amended this charge to include his termination on December 21, 2011.[2] In June 2012, Eaves received his right-to-sue letter from the EEOC relating to the first and amended charges.

Eaves then filed suit in federal court. After several amendments, in October 2012 he filed the operative complaint, which contains the retaliatory failure-to-hire allegations. After the district court denied WCF's motion to dismiss, Eaves, according to the court, "realized that his claim regarding the March 2012

---

[1] Eaves's brief expressly lists three issues, but Issue One and Issue Three both relate to whether the district court properly found that Eaves did not exhaust his administrative remedies for his retaliatory failure-to-hire claim. Therefore, we jointly address these arguments.

[2] As the district court did, we reject WCF's contention that Eaves's amended EEOC charge was insufficient to exhaust his retaliatory-firing claim.

applications was not properly based in a charge of discrimination," so he "set out on a course to belatedly cure his failure to exhaust administrative remedies as to his retaliatory failure to hire claim." On February 26, 2013, Eaves emailed the FCHR requesting to file a formal complaint regarding the March 2012 applications, and on March 19, 2013, he filed a formal complaint with the FCHR ("Third Charge"). In April 2013, WCF submitted a "Statement of Position" to the FCHR stating that the claims in Eaves's Third Charge were not properly before the FCHR because Eaves had filed a civil lawsuit in federal district court covering those same claims. On September 4, 2013, the FCHR issued a determination of "no jurisdiction" as to the Third Charge.

On December 2, 2013, the district court granted summary judgment to WCF, concluding in part that Eaves did not properly exhaust his administrative remedies with respect to the Third Charge. The court found that Eaves had not filed a charge of retaliatory failure to hire with the EEOC, and that the charge that he did file with the FCHR was not filed *before* he brought suit in federal court.

To bring suit under Title VII, a plaintiff must first exhaust administrative remedies by filing a timely discrimination charge with the EEOC. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001); *see also Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) ("Prior to filing a Title VII action, however, a plaintiff first must file a charge of discrimination with the

8

EEOC."). Consequently, a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination. *Gregory*, 355 F.3d at 1280.

Eaves's arguments as to why the district court erred in finding a lack of exhaustion are unavailing. First, Eaves asserts that his Third Charge was timely filed on February 26, 2013, within one year of the alleged discriminatory act, but the district court did not determine that the Third Charge was filed outside of the applicable limitation period. Rather, the court concluded that Eaves had failed to file his charge prior to filing his suit in court. So it does not matter to the district court's reasoning whether the Third Charge was filed on February 26 or March 19—both dates fall after Eaves filed suit in court.

Second, Eaves contends that WCF's counsel fraudulently represented to the FCHR that it did not have jurisdiction over Eaves's Third Charge. But nor did the district court rely upon the FCHR's finding of "no jurisdiction" in its exhaustion determination. In short, Eaves's arguments on appeal do not undermine the district court's stated reasons for finding a lack of exhaustion.

Eaves did not assert that he filed a charge with the EEOC alleging retaliatory failure-to-hire, nor was that claim within the scope of his previous EEOC filings. *See Gregory*, 355 F.3d at 1279-80; *Wilkerson*, 270 F.3d at 1317. Accordingly, the

9

district court properly found that Eaves did not exhaust his administrative remedies as to his retaliatory failure-to-hire claim.

**B.**

Eaves also argues on appeal, as he did in a motion for reconsideration before the district court, that the court abused its discretion when it granted summary judgment in favor of WCF despite knowing that the affidavits of Neal and Hinton were not in compliance with the Federal Rules of Civil Procedure, were not sworn to under penalty of perjury, and were notarized by Neal's employee. Eaves asserts that the affidavits contained fraudulent statements and hearsay evidence and that the affidavits allowed WCF to argue that Eaves's alleged unprofessional behavior was its reason for firing him, when WCF had not previously raised any issue about Eaves's behavior.

Generally, evidentiary rulings, including decisions about whether to strike an affidavit, are reviewed for an abuse of discretion and are subject to reversal only where substantial prejudice exists. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1259 (11th Cir. 2004). In the absence of a timely objection, however, formal defects in the affidavit ordinarily are waived. *Auto Drive-Away Co. of Hialeah,*

10

*Inc. v. I. C. C.*, 360 F.2d 446, 448-49 (5th Cir. 1966).[3]  In addition, post-judgment motions generally should not be used to raise arguments or present evidence that could have been raised before the entry of judgment.  *Arthur*, 500 F.3d at 1343; *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990).

The district court did not abuse its discretion when it declined to strike the Neal and Hinton affidavits.  Eaves could have challenged any alleged hearsay in Neal's affidavit before the district court granted summary judgment, but he did not.  Instead, Eaves did not contest the affidavits' validity until after summary judgment had been entered and therefore likely waived any defects in the affidavits.  Even if waiver did not apply, though, it was within the district court's discretion not to reconsider its summary-judgment order, given that Eaves could have challenged any formal defects in the affidavits before the entry of judgment.

Alternatively, the district court thoroughly analyzed the merits of Eaves's challenges to the affidavits, and we discern no error in the district court's determination that there were no grounds to strike.  We agree with the district court that Neal's recounting of his conversation with Cooper, WCF's Equal Employment Opportunity officer, was not hearsay, but rather was offered for its effect on the listener, Neal, concerning his reasons for deciding to terminate Eaves's

---

[3] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

employment.  *See United States v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015) ("Generally, an out-of-court statement admitted to show its effect on the hearer is not hearsay.").  In short, the district court did not err in declining to strike the Neal and Hinton affidavits.

## C.

Finally, Eaves's brief contains allegations that the district court denied him due process based on his *pro se* status.  After reviewing the record of proceedings in this case, which spanned nearly two years, and which included multiple amended complaints and voluminous motions practice, we are unpersuaded that Eaves did not receive a full and fair opportunity to litigate his claims or that the court penalized him because he was proceeding *pro se*.

## IV.

Although Eaves arguably did not expressly challenge the reasons relied upon by the district court in granting summary judgment, "[w]e read liberally briefs filed *pro se*."  *Lorisme v. INS*, 129 F.3d 1441, 1444 n.3; *see also Finch v. City of Vernon*, 877 F.2d 1497, 1504-05 (11th Cir. 1989).  A review of Eaves's second issue and the supporting argument shows that, while Eaves may not have artfully stated that he was appealing the district court's conclusion that no material issue of fact existed regarding pretext for WCF's firing of Eaves, he clearly made arguments in his brief that he thought were to this effect, writing, for example,

ALLOWING DEFENDANT TO CREATE A MATERIAL ISSUE FALSELY PURPORTING TO THE COURT IN TWO FRAUDULENT AFFIDAVITS PLAINTIFF WAS FIRED DECEMBER 21, 2011, FOR WORKPLACE VIOLENCE. DEFENDANT DID NOT PROVIDE A REBUTTAL STATEMENT TO "EEOC" WHICH NEITHER STATES THE ARGUMENT THAT PLAINTIFF COMMITTED TO WORK PLACE VIOLENCE. NOR DOES DEFENDANT MENTION THIS ARGUMENT IN THEIR REBUTTAL TO EEOC. SUBSEQUENTLY, DEFENDANT WAS CONTACTED BY THE FLORIDA DIVISION OF UNEMPLOYMENT. DEFENDANT WAS REQUESTED TO PROVIDE A STATEMENT OCONCERNING PLAINTIFF'S TERMINATION. DEFENDANT REFUSED. PLAINTIFF WAS AWARDED HIS UNEMPLOYMENT. DEFENDANT CREATED A MATERIAL ISSUE TO ATTAIN SUMMARY JUDGMENT.

[Sic]. In view of these arguments and Eaves's *pro se* status, we find Eaves's brief sufficient to present the question of whether the district court erred in finding no genuine issue of material fact with respect to his retaliatory-firing claim.[4] *See Timson*, 518 F.3d at 874. And, after careful review, we vacate and remand as to this claim because there is a genuine issue of material fact as to whether Eaves was fired in retaliation for filing an EEOC complaint earlier in December 2011.

---

[4] We note that our consideration of this issue will not prejudice WCF, given that it has addressed the merits of the district court's summary-judgment order, including the retaliatory-firing claim, in its response brief. However, we consider all other challenges to the district court's orders not otherwise addressed in this opinion to have been abandoned because they were not presented in Eaves's appellate brief. *See Timson*, 518 F.3d at 874 (holding that "issues not briefed on appeal by a *pro se* litigant are deemed abandoned").

13

To make out a *prima facie* case of retaliation under Title VII, a plaintiff must show the following:  (1) he engaged in a protected activity;  (2) he suffered a materially adverse action;  and (3) there was a causal connection between the protected activity and the adverse action. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).  "The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action." *Id.* at 1364.  "But mere temporal proximity, without more, must be very close." *Id.* (internal quotation marks omitted).

If the plaintiff establishes a *prima facie* case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse action. *Crawford v. Carroll*, 529 F.3d 961, 975-76 (11th Cir. 2008).  Once the employer does so, the plaintiff has the opportunity to show that the employer's stated reason was pretext for retaliation. *Id.*  The court's role at the pretext stage is "to determine, in view of all the evidence, whether the plaintiff has cast sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the employer's proffered legitimate reasons were not what actually motivated its conduct." *Id.* (internal quotation marks omitted).

We assume, as the district court did, that Eaves has made out a *prima facie* case of retaliation on this issue.  However, we respectfully disagree with the

14

district court's determination that, in view of all the evidence, Eaves has not cast sufficient doubt on WCF's proffered reasons to permit a reasonable factfinder to conclude that the reasons for his termination were pretextual.

Here, WCF asserted, referring to Hinton's and Neal's affidavits, that Eaves was fired because of his angry, hostile, and unprofessional behavior toward Cooper and Hinton.  Neal's affidavit also states that he was the sole decision-maker in firing Eaves.  But, in Eaves's deposition, which was submitted with WCF's motion for summary judgment[5], Eaves testified that Jennifer Wilson, whom Eaves identified as the manager of his program (presumably the Re-Employment Connection Program), was involved in the discussions leading to Eaves's termination, which appear to have occurred within two days of Eaves's notification of WCF that he had filed an EEOC charge.  Specifically, Eaves testified that he met with Cooper, WCF's Equal Employment Opportunity officer, on December 21, 2011 (the day he was fired), to discuss his EEOC charge, and when Eaves refused Cooper's request to drop his EEOC charge, Cooper called Wilson.  A little while later, a conference call was held involving Hinton, Cooper, Wilson, Neal, and a human resources director.  According to Eaves, after the conference call, Wilson told Eaves that "[he] was being relieved from [his] position because of the

---

[5]  Similar allegations are included elsewhere in the record, including an affidavit that Eaves submitted in opposition to summary judgment.

issues and the allegations that [he] filed against their company." (Doc. 145–3 at 21-22).

Drawing all reasonable inferences and reviewing all evidence in the light most favorable to Eaves, as we must at the summary-judgment stage, *see Moton v. Cowart*, 631 F.3d at 1341, this evidence is sufficient to allow a reasonable jury to disbelieve WCF's reason for Eaves's termination and instead to conclude that Eaves was fired in retaliation for filing a charge of discrimination with the EEOC and refusing to drop his allegations of discrimination. In other words, a reasonable jury could infer from these facts that Wilson was involved in the discussions regarding Eaves's termination; that, even if she did not have decision-making authority, she knew why WCF had decided to fire Eaves; and that the reason was actually retaliatory.

## V.

In sum, we vacate the district court's grant of summary judgment to WCF on Eaves's Title VII retaliation claim based on his termination on December 21, 2011, and we remand for further proceedings consistent with this decision. We affirm the district court's judgment in all other respects.

**VACATED and REMANDED IN PART; AFFIRMED IN PART.**

16