# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 21, 2021

Lyle W. Cayce
Clerk

No. 20-50403
Summary Calendar

Mauro C. Palacio,

*Plaintiff—Appellant*,

*versus*

Justin Caraway; Deputy Sheriff Ray Miller; Deputy Sheriff Cari Davis; U.S. Marshal Roderick Tisdale,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CV-111

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Mauro C. Palacio, Texas prisoner # 2271249, appeals the dismissal, on motions for summary judgment and judgment on the pleadings, of his 42 U.S.C. § 1983 claims of illegal search and seizure, excessive force, and failure

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

to train against the defendants. He also seeks remand based on the defendants' alleged failure to serve him with their summary judgment exhibits.

Review of Palacio's failure-to-serve argument is precluded by his failure to object in the district court. *See Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 508 (5th Cir. 1999);[1] *McCloud River R. Co. v. Sabine River Forest Prods., Inc.*, 735 F.2d 879, 882 (5th Cir. 1984). Palacio has also abandoned, through failure to brief, a separate claim that he was subject to an illegal arrest. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Finally, we do not consider Palacio's claim that the defendants violated his Fifth Amendment rights to counsel and silence, as Palacio raises it for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

We review the grant of summary judgment de novo, *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012), and we "may affirm the district court's judgment on any basis supported by the record," *United States v. Clay*, 408 F.3d 214, 218 n. 7 (5th Cir. 2005) (citation omitted).

The district court properly granted summary judgment on Palacio's substantive claims for relief. *McFaul*, 684 F.3d at 571. Regarding municipal liability, Palacio has identified no "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [Hamilton County]" concerning illegal search, seizure, or arrest. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978). Likewise, on his claim of supervisor liability against Caraway, Palacio has failed to allege Caraway's personal involvement in any unlawful search or arrest and has identified no constitutionally

---

[1] *Rushing* was superseded by rule amendment on other grounds as noted in *Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n.16 (5th Cir. 2002).

deficient policy implemented by Caraway that led to an illegal search or arrest. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

The district court also correctly found that the defendants are entitled to qualified immunity because Palacio failed to allege facts showing that the challenged searches were constitutionally unreasonable. *See Melton v. Phillips*, 875 F.3d 256, 261 (5th Cir. 2017). He offered no refutation of or competent evidence disputing Caraway's affidavit asserting that the challenged searches were conducted pursuant to validly obtained consent. *See generally Fernandez v. California*, 571 U.S. 292, 306 (2014).

Lastly, the district court properly entered judgment on the pleadings for Tisdale against Palacio's claims of illegal search and excessive force. *See Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); Fed. R. Civ. P. 12(b)(6). As noted above, Palacio failed to show a violation of his Fourth Amendment rights by any defendant. And his wholly conclusory allegation of excessive force does not suffice to state a claim for relief. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

The judgment of the district court is AFFIRMED.